**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAYS INNS WORLDWIDE, INC.** ) | **CASE NO. 4: 03 CV 00694** |
| *f/k/a/* **DAYS INNS OF AMERICA,** ) | |
| **INC.** ) | |
| **PLAINTIFF** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **ALIBABA CHARCHOR, INC.,** ) | |
| *et al.* ) | **ORDER** |
| ) | |
| **DEFENDANTS** ) | |

This matter is before the Court upon the Defendant Bharat Patel's Motion for Relief From Judgment. See (Dkt. # 25).

### I. FACTUAL HISTORY

The Plaintiff, Days Inns Worldwide, Inc. *f/k/a* Days Inns of America, Inc. ("Days Inns") filed its Complaint on April 15, 2003 against Alibaba Charchor, Inc. ("Alibaba"), Mukesh Patel, and Bharat Patel, alleging seven claims for relief: (1) violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125; (2) a request for an accounting; (3) breach of contract: liquidated damages; (4) breach of contract: actual damages; (5) breach of contract: recurring

-1-

fees; (6) unjust enrichment; and (7) breach of guaranty. See (Dkt. # 1, Compl. ¶¶ 40-78). Days Inns simultaneously filed a motion for a temporary restraining order seeking to enjoin Alibaba and "any affiliates, subsidiaries, officers, agents, servants, employees, and attorneys . . . from marketing, promoting, or renting guest lodging facilities . . . such that the origin of Alibaba's guest lodging facilities . . . are falsely designated as being those of [Days Inns]." (Dkt. # 4.) The Court granted the motion for a temporary restraining order and scheduled the matter for a preliminary injunction hearing.[1] See (Dkt. # 7; Dkt. # 8).

On April 24, 2003, Days Inns filed a motion styled "Preliminary Injunction by Consent." See (Dkt. # 10). In said motion, Days Inns asserted that the "parties" had consented to certain terms and conditions provided in a proposed preliminary injunction order. (Dkt. # 10 at # 1). As evidence of the Alibaba's consent, the movant attached a separate signature page bearing the name of Mukesh Patel on behalf of Alibaba.[2] See (Dkt. # 10 at duplicate 3). The Court granted the motion and issued the stipulated preliminary injunction order. See (Dkt. # 11).

On May 5, 2003, the Court issued a Case Management Conference Scheduling Order therein establishing June 13, 2003 as the date for the Case Management Conference ("CMC"). See (Dkt. # 15). Days Inns accordingly filed a Joint Report of the Parties Planning Meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure and

---

[1]Days Inns issued a $1000.00 cash bond upon issuance of the temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. See (Dkt. # 9).

[2]Bharat Patel's consent to the proposed preliminary injunction order was unnecessary as Days Inns did not seek to preliminarily enjoin any of his conduct.

Local Rule 16.3(b). See (Dkt. # 17). No Defendant participated in the planning conference.[3] See (Dkt. # 17).

The Court held the scheduled CMC during which Days Inns and its counsel personally appeared and advised the Court that the defendants were in compliance with the preliminary injunction order. See (Dkt. # 19). Days Inns further advised that they intended to pursue claims for damages against the defendants. See (Dkt. # 19). No defendant appeared before the Court for the CMC. See (Dkt. # 19).

On June 18, 2003, Days Inns filed a motion for default judgment against all defendants seeking, *inter alia* "$120,464.41, plus interest thereon, costs, [and] attorneys' fees." (Dkt. # 20). In support of the motion, counsel for Days Inns advanced, by way of affidavit, the following averments:

> 3. On April 15, 2003, [Days Inns] caused to be served copies of the Summons, Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction via Federal Express mail upon Defendants Alibaba [], Bharat Patel and Mukesh Patel [] . . . .
>
> 4. In May, 2003 I was contacted by David G. Ross ("Ross") an attorney in Washington, D.C. who informed me that he represented Alibaba and Mukesh Patel in this matter.
>
> 5. Ross further indicated to me that while he had not yet formalized the engagement, he expected to represent Bharat Patel as well in this matter.

---

[3]Alibaba purportedly sent a facsimile to the Court dated June 12, 2003 stating "WE HAVE NO LEGAL REPRESENTATION AT THIS TIME AND REQUIRE A POSTPONEMENT. IN THE MEANTIME THE CEO OF DAYS INN HAS BEEN CONTACTED DIRECTLY SO THAT THIS MATTER MAYBE RESOLVED SPEEDILY BY HIS DIRECT INTERVENTION. WE ARE AWAITING HIS REPLY." The Court did not receive this facsimile.

> 6. In a May, 2003 telephone conversation, Ross indicated that he would accept service of the Verified Complaint on behalf of his clients and requested that [Days Inns] agree to an extension of time until June 26, 2003 to respond to the Verified Complaint. I indicated that [Days Inns] would not object to the requested extension.
>
> 7. On May 27, 2003 Ross sent a letter documenting this conversation. A copy of the May 27, 2003 letter is attached hereto as Exhibit 1.
>
> 8. On June 3, 2003 Ross sent a letter indicating that his firm would not be representing any of the Defendants with respect to this matter. A copy of the June 3, 2003 letter is attached hereto as Exhibit 2.

(Dkt. # 20, Ex. A, Aff. of Rose Marie Fiore ("Fiore Aff.") ¶¶ 3-8).

The Court held a default motion hearing on July 18, 2003 during which counsel for Days Inns asserted:

> [W]e would request default judgment against Alibaba Charchor, Inc., Mukesh Patel, and with the Court's permission, Bharat Patel, although we do recognize that there may be a potential service issue as to Bharat.
>
> We would at least request judgment in the amount requested in our request for relief in the complaint, specifically any damages related to trademark infringement, any claims for liquidated damages which is in the amount of $120,000, recurring fees which are in the amount of $462, and any other further relief.

(Dkt. # 26 at 4.)

The Court granted the motion for default judgment on July 23, 2003 against all defendants. See (Dkt. # 22). The Court limited its damages award to $120,000 for liquidated damages and $15,728.00 in attorney's fees. See (Dkt. # 22).

On August 13, 2004, counsel for Days Inns filed a supplemental affidavit seeking "[t]o

eliminate any potential confusion as to whether [Days Inns] obtained proper service of process upon Bharat Patel." (Dkt. # 23, Supplemental Aff. of Eric B. Levasseur ("Levasseur Aff.") ¶ 4). Counsel averred:

> 4. [O]n July 11, 2003, counsel for [Days Inns] caused to be served copies of the Summons and Verified Complaint via certified mail to Bharat Patel at his Florida address, 9929 Coronado Lake Drive, Boynton Beach, Florida 33437. A copy of the cover letter included in the July 11, 2003 certified mailing is attached as Exhibit A.
>
> 5. In addition to the Summons and Verified Complaint, Bharat Patel was also served with (i) a copy of [Days Inns'] Motion for Temporary Restraining Order and Preliminary Injunction; (ii) a copy of [Days Inns] Motion for Default Judgment and Memorandum in Support; and (iii) a copy of the June 18, 2003 letter addressed to the Court regarding filing the Motion for Default Judgment and Memorandum in Support.
>
> 6. On July 23, 2003 [counsel] received a certified mail return receipt bearing the signature of Bharat Patel, indicating that Bharat Patel had received the documents — including the Summons and Verified Complaint — via certified mail on July 21, 2003. A copy of the certified mail return receipt is attached as Exhibit B.

(Levasseur Aff. ¶¶ 4-6.) Attached as Exhibit B to the affidavit was a certified mail receipt signed by Bharat Patel dated July 21, 2003.

Approximately one year later, Bharat Patel filed the instant motion. See (Dkt. # 25).

## II. LAW AND ANALYSIS

Bharat Patel advances his motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Said rule provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [where] the judgment is void." FED. R. CIV. P. 60(b)(4).

The gravamen of Bharat Patel's motion is that the default judgment is void because

Days Inns failed to properly perfect service on him prior to the judgment. See generally, FED. R. CIV.P. 12. It is well-settled that due process requires proper service of process for a court to have personal jurisdiction to adjudicate the rights of the parties. See Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). Therefore, if service of process was not proper, the default judgment is void. Id.; see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

It is undisputed that Days Inns did not properly serve Bharat Patel with the summons and complaint more than 20 days prior to the issuance of the default judgment. Indeed, Days Inns concedes that "it is clear that, until July 21, 2003, service on [Bharat] Patel did not comply with the specific methods described in Fed. R. Civ. P. 4(e)(2)." (Dkt. # 28 at 5.) Days Inns nevertheless asserts two alternative theories supporting its conclusion that the Court properly granted the motion for default judgment: (1) the supplemental affidavit of counsel and the accompanying return of service rendered the default judgment retroactively applicable to Bharat Patel; or (2) the default judgment entered into effect on August 13, 2003 — that is, twenty days after service purportedly was perfected on Bharat Patel. See (Dkt. # 28).

The Court rejects Days Inns attempts to end-round the due process requirements of service of process. There lacks any authority supporting Days Inns assertion of an retroactive default judgment. Similarly, Days Inns did not file a motion for default judgment on August 13, 2003, thereby negating argument that the default judgment became effective

on said date.[4]

However, the Court need not conclusively determine whether the default judgment is void because Bharat Patel has failed to comply with the timeliness requirements of Rule 60(b)(4). Time limitations govern the filing of a Rule 60(b)(4) motion in that "the motion shall be made within a reasonable time." FED. R. CIV. P. 60(b); see Eglinton v. Loyer (In re: G.A.D., Inc.), 340 F.3d 331, 335-37 (6th Cir. 2003) (holding that even where the court lacked subject matter jurisdiction — which rendered the underlying judgment void — the movant's failure to bring the motion within the time for filing an appeal was a "procedural flaw"); State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) ("[W]e need not decide whether the default judgment is void. Even if we were to assume that the default judgment did violate due process, and was void as a result, we would nonetheless affirm the district court's denial of the defendants' Rule 60(b)(4) motion because their motion was untimely."). But see Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir. 2002) "([A]t least absent extraordinary circumstances the mere passage of time cannot convert an absolutely void judgment into a valid one. This is one reason for our having held that there is no time limit on Rule 60(b)(4) motions."); Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) ("Although the language of Rule 60(b) literally applies even to motions alleging lack of personal jurisdiction, this court has held that motions to set aside a judgment for lack of personal jurisdiction under Rule 60(b)(4)

---

[4] The parties devote significant attention to the issue of whether the July, 2003 mailing constituted service of process as it was sent by counsel rather than the clerk of courts. The Court need not address this issue as Days Inns did not seek an entry of default twenty-days following this purported "service."

may be made at any time . . . . Thus, the defendant's unreasonable delay in bringing the instant Rule 60(b)(4) motions nearly one year after the entry of default judgments and nearly nine months after filing the second set of Rule 60(b) motions does not alone provide a basis for denial."); Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) (holding that Rule 60(b)(4) "provides a mandatory remedy that is not subject to any particular time limitation."). The determination as to whether the motion was brought within a "reasonable time," "is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." Eglinton, 340 F.3d at 334 (citing Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)). In most cases, a "reasonable time" under Rule 60(b) "means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b) during that period." Eglinton, 340 F.3d at 334 (citing Barrier v. Beaver 712 F.2d 231. 234-35 (6th Cir. 1983)).

  The evidentiary record before the Court reflects that Bharat Patel signed a certified mail receipt indicating his actual receipt of the summons, verified complaint, the motion for a temporary restraining order, and the motion for default judgment on or before July 21, 2003. See (Levasseur Aff. ¶¶ 4-6 & Ex. B attached thereto). Bharat Patel does not address the existence of the certified mail receipt except to declare that "[a]t no time has anyone ever left at [his] dwelling house or usual place of abode, with anyone residing therein, a copy of the Summons and of the Verified Complaint." (Dkt. # 25, Ex. C ¶ 6.) This bald allegation is insufficient to overcome the demonstrative evidence present in the record that he actually received the various pleadings and filings.

Bharat Patel likewise advances no argument seeking to explain his rationale for delaying approximately one year — until July 2, 2004 — in which to seek relief from the Court's judgment. He merely asserts that "[m]otions to vacate void judgments are not subject to any timing requirements whatsoever." (Dkt. # 29 at 8 n.1.) As indicated *supra*, this assertion is a misstatement of controlling legal authority on this Court. See Eglinton, 340 F.3d at 335-37.

It follows that Bharat Patel's delay was unreasonable based on the factual circumstances of this case. He had actual knowledge of the action and the pending motion for default judgment as early as July 21, 2003, yet he took no action prior to the issuance of the default judgment to protect his interests. It is recognized that there was an extremely brief period between receipt of actual notice and the default judgment; however, Bharat Patel's assertion that "[a]nswering a complaint *after* rendition of final judgment would surely qualify as the ultimate exercise in futility," (Dkt. # 29 at 6), is unavailing. Bharat Patel could have filed the instant motion during the more than eleven months since he had actual notice of the action. Likewise, he could have filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit within the applicable statutory period. See FED. R. APP. P. 4 (a) (providing that a notice of appeal in a civil action must be filed within thirty (30) days of the entry of the judgment being appealed or the entry of a post-judgment time-tolling motion); Eglinton, 340 F.3d at 337 ("A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.") (Internal quotation and citation omitted). However, he took no action for eleven months — notwithstanding his actual knowledge of a potential $120,462.41 judgment being rendered against his interests. Simply, Bharat Patel sat idle

until Days Inns attempted to execute the judgment in June, 2004.  See (Dkt. # 29 at 7).

While the foregoing factors, standing alone, provide firm support for denying the motion to vacate, the Court additionally finds the allegedly pre-notice conduct of Bharat Patel insightful.  In particular, Days Inns presented into the record a letter from Attorney Ross, dated June 3, 2003 stating:

> This is to inform you that this firm no longer represents Alibaba Charchor, Inc. or Mukesh Patel and will not be representing Bharat Patel with regard to the above-captioned matter.  We have forwarded the Case Management Conference Scheduling Order to those parties and informed them that their responsive pleadings are due on or before June 26, 2003.

(Fiore Aff., Ex. B. attached thereto.)

A straightforward reading of the letter indicates that Attorney Ross notified Bharat Patel of the pending CMC and need to file responsive pleadings.  Again, however, Bharat Patel did nothing to defend his interests.

### III. CONCLUSION

Accordingly, the Court concludes that the instant motion was not brought within a "reasonable time" as required by Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Cf. Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993) (indicating that a motion filed sixteen months after the entry of judgment was not filed within a reasonable time).  The Court therefore orders that Defendant Bharat Patel's Motion for Relief From Judgment, see (Dkt. # 25), is **DENIED**.

**IT IS SO ORDERED.**

                                                        <u>**/s/ *Peter C. Economus* - October 13, 2004**</u>
                                                        **PETER C. ECONOMUS**
                                                        **UNITED STATES DISTRICT JUDGE**

Case: 4:03-cv-00694-PCE Doc #: 30 Filed: 10/13/04 11 of 11. PageID #: 307