**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAYS INNS WORLDWIDE, INC.** ) | **CASE NO. 4: 03 CV 00694** |
| *f/k/a/* **DAYS INNS OF AMERICA,** ) | |
| **INC.** ) | |
|         **PLAINTIFF** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **ALIBABA CHARCHOR, INC.,** ) | |
|    *et al.* ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|         **DEFENDANTS** ) | |

This matter is before the Court upon the Defendant Mukesh Patel's Motion for Relief from Judgment. See (Dkt. # 32).

### I.    FACTUAL HISTORY

The Plaintiff, Days Inns Worldwide, Inc. *f/k/a* Days Inns of America, Inc. ("Days Inns") filed its Complaint on April 15, 2003 against Alibaba Charchor, Inc. ("Alibaba"), Mukesh Patel, and Bharat Patel, alleging seven claims for relief: (1) violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125; (2) a request for an accounting; (3) breach of contract: liquidated

damages; (4) breach of contract: actual damages; (5) breach of contract: recurring fees; (6) unjust enrichment; and (7) breach of guaranty.  See (Dkt. # 1, Compl. ¶¶ 40-78).  Days Inns simultaneously filed a motion for a temporary restraining order seeking to enjoin Alibaba and "any affiliates, subsidiaries, officers, agents, servants, employees, and attorneys . . . from marketing, promoting, or renting guest lodging facilities . . . such that the origin of Alibaba's guest lodging facilities . . . are falsely designated as being those of [Days Inns]." (Dkt. # 4.) The Court granted the motion for a temporary restraining order and scheduled the matter for a preliminary injunction hearing.[1]  See (Dkt. # 7; Dkt. # 8).

On April 24, 2003, Days Inns filed a motion styled "Preliminary Injunction by Consent."  See (Dkt. # 10).  In said motion, Days Inns asserted that the "parties" had consented to certain terms and conditions provided in a proposed preliminary injunction order.  See (Dkt. # 10 at # 1).  As evidence of the Alibaba's consent, the movant attached a separate signature page bearing the name of Mukesh Patel on behalf of Alibaba.[2]  See (Dkt. # 10 at duplicate 3).  The Court granted the motion and issued the stipulated preliminary injunction order.  See (Dkt. # 11).

On May 5, 2003, the Court issued a Case Management Conference Scheduling Order therein establishing June 13, 2003 as the date for the Case Management Conference

---

[1] Days Inns issued a $1000.00 cash bond upon issuance of the temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure.  See (Dkt. # 9).

[2] Bharat Patel's consent to the proposed preliminary injunction order was unnecessary as Days Inns did not seek to preliminary enjoin any of his conduct.

("CMC"). See (Dkt. # 15). Days Inns accordingly filed a Joint Report of the Parties Planning Meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3(b). See (Dkt. # 17). No Defendant participated in the planning conference.[3] See (Dkt. # 17).

The Court held the scheduled CMC during which Days Inns and its counsel personally appeared and advised the Court that the defendants were in compliance with the preliminary injunction order. See (Dkt. # 19). Days Inns further advised that they intended to pursue claims for damages against the defendants. See (Dkt. # 19). No defendant appeared before the Court for the CMC. See (Dkt. # 19).

On June 18, 2003, Days Inns filed a motion for default judgment against all defendants seeking, *inter alia* "$120,464.41, plus interest thereon, costs, [and] attorneys' fees." (Dkt. # 20). In support of the motion, counsel for Days Inns advanced, by way of affidavit, the following averments:

> 3. On April 15, 2003, [Days Inns] caused to be served copies of the Summons, Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction via Federal Express mail upon Defendants Alibaba [], Bharat Patel and Mukesh Patel [] . . . .
>
> 4. In May, 2003 I was contacted by David G. Ross ("Ross") an attorney in Washington, D.C. who informed me that he

---

[3]Alibaba purportedly sent a facsimile to the Court dated June 12, 2003 stating "WE HAVE NO LEGAL REPRESENTATION AT THIS TIME AND REQUIRE A POSTPONEMENT. IN THE MEANTIME THE CEO OF DAYS INN[S] HAS BEEN CONTACTED DIRECTLY SO THAT THIS MATTER MAYBE RESOLVED SPEEDILY BY HIS DIRECT INTERVENTION. WE ARE AWAITING HIS REPLY." The Court did not receive this facsimile.

    represented Alibaba and Mukesh Patel in this matter.

5. Ross further indicated to me that while he had not yet formalized the engagement, he expected to represent Bharat Patel as well in this matter.

6. In a May, 2003 telephone conversation, Ross indicated that he would accept service of the Verified Complaint on behalf of his clients and requested that [Days Inns] agree to an extension of time until June 26, 2003 to respond to the Verified Complaint. I indicated that [Days Inns] would not object to the requested extension.

7. On May 27, 2003 Ross sent a letter documenting this conversation. A copy of the May 27, 2003 letter is attached hereto as Exhibit 1.

8. On June 3, 2003 Ross sent a letter indicating that his firm would not be representing any of the Defendants with respect to this matter. A copy of the June 3, 2003 letter is attached hereto as Exhibit 2.

(Dkt. # 20, Ex. A, Aff. of Rose Marie Fiore ("Fiore Aff.") ¶¶ 3-8).

The Court held a default motion hearing on July 18, 2003 during which counsel for Days Inns asserted:

> [W]e would request default judgment against Alibaba Charchor, Inc., Mukesh Patel, and with the Court's permission, Bharat Patel, although we do recognize that there may be a potential service issue as to Bharat.
>
> We would at least request judgment in the amount requested in our request for relief in the complaint, specifically any damages related to trademark infringement, any claims for liquidated damages which is in the amount of $120,000, recurring fees which are in the amount of $462, and any other further relief.

(Dkt. # 26 at 4.)

The Court granted the motion for default judgment on July 23, 2003 against all

-4-

defendants. See (Dkt. #22). The Court limited its damages award to $120,000 for liquidated damages and $15,728.00 in attorney's fees. See (Dkt. #22).

Approximately one year later, on July 2, 2004, Bharat Patel filed a Motion for Relief from Judgment asserting that the default judgment against him was void for lack of personal jurisdiction. See (Dkt. #25; Dkt. #30). This Court denied the motion on October 13, 2004, opining that the motion was not filed within a reasonable time. Id.

On November 24, 2004, Mukesh Patel filed his Motion for Relief from Judgment. See (Dkt. #32; Dkt. #36).

## II.   LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure, which governs relief from default entry, directs this Court to Rule 60(b) when considering a motion for relief from judgment. See FED. R. CIV. P. 55(c) ("[F]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)"). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment to defendant, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

-5-

FED. R. CIV. P. 60(b). Accordingly, Rules 60(b)(1) through (b)(3) motions must be made within one year from the date of judgment, while Rules (b)(4) through (b)(6) motions must be made within a "reasonable time."

Mukesh Patel advances his motion to vacate judgment pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure. See (Dkt. #32; Dkt. #36). Specifically, Mukesh Patel argues the judgment is void for lack of personal jurisdiction because he was not properly served with the Complaint and Summons. Id. In addition, Mukesh Patel asserts that his former hotel manager, Mahesh Patel, assumed his identity and interfered with the defense of his action. See (Dkt. #32 at 2). Mukesh Patel further asserts that Mahesh Patel communicated with Plaintiff's counsel, signed the Preliminary Injunction by Consent, misrepresented himself to Attorney Ross, and appeared in the Court's chambers at a July 18, 2003, Hearing on Motion for Default Judgment. Id.

Mukesh Patel concedes that he received a copy of Bharat Patel's Motion for Relief from Judgment at or around July, 2, 2004, the time the motion was filed. Id. He contends, however, that he was unaware that a lawsuit had been filed. Id. As support for his contention, Mukesh Patel claims that he was in India on the day that the Complaint was filed and at various times; therefore, he was unaware of the litigation until the passage of one year. Id.

This Court need not conclusively determine whether "the default judgment is void" as the result of unperfected service, or whether there is "any other reason justifying relief from operation of the judgment," because Mukesh Patel has failed to comply with the timeliness requirements of Rule 60(b). See Eglinton v. Loyer (In re: G.A.D., Inc.), 340

-6-

F.3d 331, 335-337 (6th Cir. 2003) (holding that even where the court lacked subject matter jurisdiction — which rendered the underlying judgment void — the movant's failure to bring the motion within the time for filing an appeal was a "procedural flaw"); State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) ("[W]e need not decide whether the default judgment is void. Even if we were to assume that the default judgment did violate due process, and was void as a result, we would nonetheless affirm the district court's denial of the defendants' Rule 60(b)(4) motion because their motion was untimely."). But see Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir. 2002) "([A]t least absent extraordinary circumstances the mere passage of time cannot convert an absolutely void judgment into a valid one. This is one reason for our having held that there is no time limit on Rule 60(b)(4) motions."); Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) ("Although the language of Rule 60(b) literally applies even to motions alleging lack of personal jurisdiction, this court has held that motions to set aside a judgment for lack of personal jurisdiction under Rule 60(b)(4) may be made at any time . . . . Thus, the defendant's unreasonable delay in bringing the instant Rule 60(b)(4) motions nearly one year after the entry of default judgments and nearly nine months after filing the second set of Rule 60(b) motions does not alone provide a basis for denial."); Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) (holding that Rule 60(b)(4) "provides a mandatory remedy that is not subject to any particular time limitation.").

The determination as to whether the motion was brought within a reasonable time, "is dependent upon the facts in a case, including length and circumstances of delay in filing,

-7-

prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." Eglinton, 340 F.3d at 334 (6th Cir. 2003) (citing Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)). See also Richard v. Allen, 1996 U.S. App. LEXIS 8117****4 (6th Cir. 1996) (finding that "'reasonable time' depends on the facts of the case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the parties"). In most cases, a "reasonable time" under Rule 60(b) "means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b) during that period." Eglinton, 340 F.3d at 334 (citing Barrier v. Beaver 712 F.2d 231. 234-35 (6th Cir. 1983)). See also Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir. 1983) (finding that Rule 60(b) motions must be brought within the time allowed for appeal if legal error is claimed as justification for granting the Rule 60(b) motion).

Based on the factual circumstances of this case, this Court finds that Mukesh Patel's delay was unreasonable. The record reflects that Mukesh Patel had actual knowledge of the action and pending motion for default judgment as early as July 2004. Indeed, Mukesh Patel admits he received Bharat Patel's motion to vacate judgment at or around July 2, 2004, the time the motion was filed, which provided him with actual notice of the litigation. See (Dkt. #32; Dkt. #36). Specifically, Bharat Patel's motion: (1) states that Mukesh Patel was a defendant in the case; (2) discusses the service of process issues and the retention of the Attorney Ross by Mukesh Patel; (3) attaches the Default Judgment Order; and (4) attaches a copy of the Preliminary Injunction by Consent, which contains

-8-

Mukesh Patel's allegedly forged signature. See (Dkt. #28). Mukesh Patel nevertheless did not file his Motion for Relief from Judgment until November 24, 2004, which is approximately 19 months after the lawsuit was filed, 16 months after the final judgment was entered and 4 months after Mukesh Patel admits he became aware of the lawsuit and the judgment. See (Dkt. #36); see also Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610-611 (7th Cir. 1986) (holding that delay of *four months* after plaintiff learned of judgment was not reasonable under the circumstances); Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245, 253 (4th Cir. 1974) (finding no abuse of discretion when defendants waited almost *four months* after receiving notice of default judgment before filing motions to vacate); Radack v. Norweigan American Line, 318 F.2d 538, 542-543 (2d Cir. 1963) (holding that when a motion under Fed R. Civ. P. 60(b)(6) is predicated on lack of notice of judgment, the most important factor is the time which the party did learn or should have learned of the entry of judgment). Accordingly, the factual circumstances in this case do not warrant equitable relief to Mukesh Patel as he had knowledge of the action at least four months prior to filing the present motion.

Moreover, this Court finds that Days Inns would be prejudiced were the motion granted. See Eglinton, 340 F.3d at 334 (considering prejudice to the opposing party as to whether a motion was filed within a reasonable time). Days Inns would be unfairly prejudiced since they commenced this action against Mukesh Patel almost two years ago. The evidence and recollection of the witnesses have become stale. Furthermore, Days Inns should not bear the burden of the alleged fraud of an imposter. Any claim arising from such fraud is against the former hotel manager, Mahesh Patel--not Days Inns. To

-9-

require further proceedings would be unduly prejudicial to Days Inns.

Furthermore, there is a strong interest in finality of judgments. See Whiteleather v. United States, 264 F.2d 861, 863 (6th Cir. 1959) (stating there are sound reasons for courts to strive towards achieving finality in litigation). Although this Court recognizes that default judgments are not favored in the law, this Court also recognizes that the requirement of responsive pleadings that be filed within a limited time serve important goals such as, "social goals, justice, and expediency in adjudicating cases." See, Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). See also, Waifersong, Ltd., Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) (noting that public policy favors finality of judgments and termination of litigation). In the instant case, default judgment was rendered on July 23, 2003; however, Mukesh Patel's took no action notwithstanding his knowledge of a potential $120,462.41 judgment being rendered against his interests.

### III. CONCLUSION

Accordingly, the Court concludes that the instant motion was not brought within a "reasonable time" as required by Rule 60(b)(4) and Rule 60(b)(6) of the Federal Rules of Civil Procedure. The Court therefore orders that Defendant Mukesh Patel's Motion for Relief From Judgment, see (Dkt. #32), is **DENIED**.

**IT IS SO ORDERED.**

                                                                /s/ *Peter C. Economus* - **August 29, 2005**
                                                                **PETER C. ECONOMUS**
                                                                **UNITED STATES DISTRICT JUDGE**